20-0829

Filed 8/18/2020 7:37 AM
Sherry Griffis
District Clerk
Harrison County, Texas

Brandy Lindemann
Deputy

NO. 20-0829

| | | |
|---|---|---|
| CHAD PUCKITT AND TIMOTHY PUCKITT,<br>Plaintiffs | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§<br>§ | HARRISON COUNTY, TEXAS |
| TJ TRUCKING ENTERPRISES, LLC AND SCOTT PYKA,<br>Defendant. | §<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **CHAD PUCKITT** and **TIMOTHY PUCKITT**, Plaintiffs herein, complaining of and about **TJ TRUCKING ENTERPRISES, LLC** (Defendant TJ Trucking) and **SCOTT PYKA** (Defendant Pyka), Defendants herein, which was acting in conformity with the allegations in this Petition, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 3 of the *Texas Rules of Civil Procedure*.

### PARTIES AND SERVICE

2. Plaintiff **CHAD PUCKITT** is an individual residing in Benton, Bossier Parish, Louisiana. The last three (3) digits of his driver's license number are 476 and the last three (3) digits of his Social Security number are 991.

3. **DEFENDANT TIMOTHY PUCKITT** is an individual residing in Bossier City, Bossier Parish, Louisiana. The last three (3) digits of his driver's license number are 533 and the last three (3) digits of his Social Security number are 968.

Exhibit A

4. **DEFENDANT TJ TRUCKING ENTERPRISES, LLC** is a domestic limited liability company that does business within the state of Texas and can be served by serving its registered agent: Timothy J. Bennor, 1117 Bernath Parkway, Toledo, Ohio 43615. Service of said Defendant as described above can be effected by certified mail, return receipt requested or personal service.

5. Defendant **SCOTT PYKA** is an individual residing in Ocala, Marion County, Florida and can be served with process at his residence: 6030 SW 103 Road Loop, Ocala, Florida 34476. Service of said Defendant as described above can be affected by personal delivery.

### JURISDICTION & VENUE

6. The subject matter in controversy is within the jurisdictional limits of this Court.

7. Plaintiffs seek monetary relief over $1,000,000.

8. This Court has jurisdiction over **DEFENDANT TJ TRUCKING** because **DEFENDANT TJ TRUCKING** purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said **DEFENDANT TJ TRUCKING**, and the assumption of jurisdiction over **DEFENDANT TJ TRUCKING** will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. This Court has jurisdiction over **DEFENDANT PYKA** because **DEFENDANT PYKA** purposefully availed himself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said **DEFENDANT PYKA**, and the assumption of jurisdiction over **DEFENDANT PYKA** will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

Exhibit A

10. Venue in Harrison County is proper in this cause under TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harrison County.

11. All conditions precedent have been met or occurred.

### FACTS

12. On or about September 19, 2018, **DEFENDANT PYKA** was an employee and/or driver for **DEFENDANT TJ TRUCKING**.

13. **DEFENDANT TJ TRUCKING**, on information and belief, provided **DEFENDANT PYKA** with the truck and various other equipment to perform work on their behalf.

14. On or about September 19, 2018, **DEFENDANT PYKA** was operating a 2016 Mack tractor trailer with VIN No. 1M1AW21Y5GM05579 towing a 2019 Great Dane trailer when he failed to control his speed while approaching slowed traffic while traveling eastbound on Interstate 20 in Harrison County, Texas.

15. At this same time, **Plaintiff CHAD PUCKITT** was operating a motor vehicle eastbound on Interstate 20 in Harrison County, Texas with **Plaintiff TIMOTHY PUCKITT** traveling as a passenger.

16. As Plaintiffs' vehicle was lawfully stopped behind another vehicle, **DEFENDANT PYKA** violently struck Plaintiffs' vehicle suddenly and without warning.

17. This violent impact caused Plaintiffs to suffer serious physical injuries.

Exhibit A

## PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT SCOTT PYKA

17. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully stated herein.

18. DEFENDANT PYKA had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

19. Plaintiffs' personal injuries were proximately caused by DEFENDANT PYKA's negligent, careless, and reckless disregard of said duty.

20. The negligent, careless, and reckless disregard of duty of DEFENDANT PYKA consisted of, but is not limited to, the following acts and omissions:

   a. In that DEFENDANT PYKA failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
   b. In that DEFENDANT PYKA failed to drive attentively;
   c. In that DEFENDANT PYKA was following too closely;
   d. In that DEFENDANT PYKA demonstrated driver inattention;
   e. In that DEFENDANT PYKA failed to observe in a careful and intelligent manner the vehicles in front of him;
   f. In that DEFENDANT PYKA failed to timely and properly apply the brakes to his motor vehicle; and
   g. In that DEFENDANT PYKA failed to take evasive action in an effort to avoid the collision.

21. Each of such acts and omissions by DEFENDANT PYKA, singularly or in combination with others, constituted negligence which proximately caused the collision and the personal injuries which Plaintiff suffered.

## PLAINTIFFS' CLAIM OF NEGLIGENCE PER SE

22. Plaintiffs hereby incorporates by reference all preceding paragraphs as if fully stated herein.

23. Furthermore, Plaintiffs asserts that the acts and/or omissions of DEFENDANT PYKA herein constitute negligence per se.

Exhibit A

24. Plaintiffs belongs to the class of persons the Texas Transportation Code was designed to protect, and the injuries Plaintiff sustained were the type of injuries the statute was designed to prevent.

25. **DEFENDANT PYKA** truck violated the Rules of the Road, including above-referenced statutes, without excuse, which proximately and directly caused Plaintiff's injuries and damages.

26. Each of such acts and omissions by Defendants, singularly or in combination with others, constituted negligence per se by Defendants.

### PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT TJ TRUCKING

27. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully stated herein.

28. In Texas, an employer of drivers is required to take due care to properly hire, supervise and train its employees in order to prevent death and destruction on the roadway. If an employer fails to do so, and as a result someone is injured, the employer must be held responsible.

29. **DEFENDANT TJ TRUCKING** regularly employs commercial drivers to engage in interstate commerce throughout the state of Texas and elsewhere.

30. **DEFENDANT TJ TRUCKING** requires that its employees, including Defendant **PYKA** transport materials and products to and from remote locations throughout multiple states.

A. In this respect, **DEFENDANT TJ TRUCKING** provides its drivers with a vehicle and equipment in order to carry out their business, including the vehicle and equipment being used by Defendant **PYKA** at the time of the incident. As a result, **DEFENDANT TJ TRUCKING** is aware that hiring, training, and/or supervising its drivers is necessary to protect the safety of others and that a failure to do so could result in death and destruction on the roadway.

Exhibit A

31. On the occasion in question, **DEFENDANT TJ TRUCKING** operated its business in a negligent manner and violated his duty of care by failing to act as a reasonable and prudent company in one or more of the following ways:

    A. In failing to hire qualified persons to drive **DEFENDANT TJ TRUCKING**'s vehicles on the roadway;
    B. In failing to properly supervise drivers of **DEFENDANT TJ TRUCKING**'s vehicles on the roadway;
    C. In failing to properly train drivers of **DEFENDANT TJ TRUCKING**'s vehicles on the roadway;
    D. In entrusting **DEFENDANT PYKA** with driving **DEFENDANT TJ TRUCKING**'s vehicles on the roadway when it knew or should have known that it was unsafe to do so;
    E. In retaining **DEFENDANT PYKA** as a company driver when it knew or should have known that it was unsafe to do so; and

32. Each of the above acts or omissions, singularly or in combination with each other, constituted negligence which proximately and directly caused Plaintiff's injuries and damages.

33. In addition, **DEFENDANT PYKA** was an unfit driver and **DEFENDANT TJ TRUCKING** knew or should have known this fact.

34. Nevertheless, **DEFENDANT TJ TRUCKING** negligently entrusted their vehicle to **DEFENDANT PYKA**, allowing him to drive a commercial vehicle on the day in question.

35. Each of the foregoing acts and omissions occurring separately or in combination constituted negligence and proximately caused the collision and Plaintiff's injuries and damages.

### GROSS NEGLIGENCE

36. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully stated herein.

- 6 -

Exhibit A

37. DEFENDANT PYKA was grossly negligent with respect to the acts and/or omissions complained of herein. More specifically, DEFENDANT PYKA ignored and disregarded the Rules of the Road by failing to maintain proper distance and apply his breaks properly and in a timely manner.

38. DEFENDANT PYKA's operation of DEFENDANT TJ TRUCKING's truck involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.

39. DEFENDANT PYKA had actual, subjective awareness of the risk involved in failing to maintain proper distance and/or failing to follow the basic and obvious Rules of the Road while operating DEFENDANT TJ TRUCKING's vehicle while towing a trailer nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

40. DEFENDANT PYKA also had actual, subjective awareness of the risk involved in his dangerous and/or reckless maneuver and the overall driving inattentiveness but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

### PLAINTIFFS' CLAIM OF RESPONDEAT SUPERIOR

41. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully stated herein.

42. DEFENDANT TJ TRUCKING is jointly and severally liable for the above-mentioned acts and omissions of DEFENDANT PYKA. Plaintiff invokes the common law doctrines of agency liability, respondeat superior and/or vicarious liability for the acts and omissions of DEFENDANT PYKA.

43. In addition, under the Federal Motor Carrier Safety Regulations ("FMCSR"), motor carriers have a duty to control leased vehicles operated for their benefit.

Exhibit A

44. As a result, **DEFENDANT TJ TRUCKING** is the statutory employer of **DEFENDANT PYKA**, and therefore, is jointly and severally liable for the above-mentioned acts and omissions **DEFENDANT PYKA**

45. **DEFENDANT TJ TRUCKING** is liable for the wrongful actions and omissions of its current and former employees and agents under Texas law and should be held liable for every act and omission of **DEFENDANT PYKA** and any and all damages resulting therefrom.

### PLAINTIFF CHAD PUCKITT'S DAMAGES

46. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries, and to incur the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in the Texas counties in which they were incurred;
   b. Reasonable medical care and expenses which will, in all probability, be incurred in the future;
   c. Physical pain and suffering in the past;
   d. Physical pain and suffering which will, in all probability, be incurred in the future;
   e. Physical impairment in the past;
   f. Physical impairment which will, in all probability, be incurred in the future;
   g. Disfigurement in the past;
   h. Disfigurement which will, in all probability, be suffered in the future;
   i. Lost wages in the past;
   j. Loss of earning capacity which will, in all probability, be suffered in the future.

- 8 -

Exhibit A

### PLAINTIFF TIMOTHY PUCKITT'S DAMAGES

47. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries, and to incur the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in the Texas counties in which they were incurred;
   b. Reasonable medical care and expenses which will, in all probability, be incurred in the future;
   c. Physical pain and suffering in the past;
   d. Physical pain and suffering which will, in all probability, be incurred in the future;
   e. Physical impairment in the past;
   f. Physical impairment which will, in all probability, be incurred in the future;
   g. Disfigurement in the past;
   h. Disfigurement which will, in all probability, be suffered in the future;
   i. Lost wages in the past;
   j. Loss of earning capacity which will, in all probability, be suffered in the future.

### EXEMPLARY DAMAGES

48. Plaintiffs hereby incorporates by reference all preceding paragraphs as if fully stated herein.

49. The negligence of Defendants described above occurred as a result of the type of conscious indifference and reckless disregard toward the safety of others as to allow for the award of exemplary or punitive damages under Texas law.

50. Such conduct, as described more fully herein constitutes gross negligence. As a result, Plaintiff hereby makes a claim for exemplary or punitive damages against Defendants. Plaintiff seeks exemplary damages in an amount that may be found by the trier of fact.

-9-

Exhibit A

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of this Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and, such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICES OF ZIMMERMAN, ZIMMERMAN, COTNER, LEJEUNE, RESSETAR & BENNETT
A Professional Corporation
3501 West Waco Drive
Waco, Texas 76710
(254) 752-9688
(254) 752-9680 (fax)

BY: /s/ Michael Z.
MICHAEL A. ZIMMERMAN
State Bar No. 22271400
mzimmerman@zlawhelp.com
**ATTORNEYS FOR PLAINTIFF**

Exhibit A